**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **Oshae Jones**<br>c/o Walton + Brown, LLP.<br>395 E. Broad St. Suite 200<br>Columbus, OH 43215<br><br>    Plaintiff,<br>vs.<br><br>**Ashlyn Pluff, Officer**<br>Toledo Police Department<br>c/o Toledo Police Department<br>525 N. Erie St.<br>Toledo, Ohio 43604<br><br>**Individually and in Her Official Capacity as Employee of the City of Toledo, Ohio**<br><br>And<br><br>**Samantha Kill, Officer**<br>Toledo Police Department<br>c/o Toledo Police Department<br>525 N. Erie St.<br>Toledo, Ohio 43604<br><br>**Individually and in Her Official Capacity as Employee of the City of Toledo,**<br><br>And<br><br>**CITY OF TOLEDO, OHIO; and DOES 1-100,**<br>c/o Law Director<br>One Government Center<br>604 Jackson Street<br>Toledo, Ohio 43604<br><br>    **Defendants.** | **Case No.:**<br><br><br>**Judge:**<br><br><br>**Complaint**<br><br>**JURY DEMAND ENDORSED** |

NOW COMES Plaintiff, Oshae Jones, by and through her attorney, and for her Complaint states as follows:

**JURISDICTION AND PARTIES**

1. This action is brought pursuant to Ohio statutes, and United States Constitution Amendments IV and XIV, 42 U.S.C. § 1983 and § 1988, respectively.

2. Defendant City of Toledo, Ohio, is a political subdivision of the state of Ohio, organized and existing under the laws of the state of Ohio, and operating and conducting business in Lucas County, Ohio. Toledo Police Department is a subdivision of Defendant City of Toledo, Ohio. Upon information and belief, Defendant City of Toledo, Ohio Police Department Officer Ashlyn Pluff is being sued in her individual capacity; to wit, Officer Pluff was a resident of Lucas County at the time of the incident. Upon information and belief, Defendant City of Toledo, Ohio Police Department Officer Samantha Kill is being sued in her individual capacity; to wit, Officer Kill was a resident of Lucas County at the time of the incident.

3. Defendant Ashlyn Pluff was at all times relevant to this action a law enforcement officer employed by the Toledo Police Department. Officer Pluffis a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued individually and in her official capacity as an employee of the City of Toledo.

4. Defendant Samantha Kill was at all times relevant to this action a law enforcement officer employed by the Toledo Police Department. Officer Kill is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. She is sued individually and in her official capacity as an employee of the City of Toledo.

5. Plaintiff Oshae Jones was a resident of Lucas County, Ohio, at all times material to the subject incident.

6. All of the events or omissions giving rise to this action occurred in Lucas County, Ohio.

7. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney's fees.

**FACTUAL ALLEGATIONS**

8. On or about July 31, 2022, Plaintiff Oshae Jones, an Olympic medalist boxer, was at her home in Lucas County, Ohio, sleeping when she was awakened by Toledo Police Officers knocking loudly at her door.

9. Due to the number of officers outside of her home and being awakened from her sleep without being given any justification, Plaintiff exited her home and began to approach officers to gather more information.

10. As Plaintiff approached the scene, she began recording video on her cell phone to document the incident and for her own safety and the safety of others.

11. As Plaintiff made lawful and unobstructive inquiries of officers, officers became agitated and began to place her under arrest.

12. While Plaintiff was restrained by officers with both hands behind her back and while Plaintiff calmly asking why she was being arrested, Defendant Officer Ashlyn Pluff sucker punched Plaintiff in the head.

13. After the punch, surrounding officers immediately began to pull Defendant Officer Pluff away from Plaintiff due to her unjustifiable use of force.

14. After being attacked by Defendant Officer Pluff, Plaintiff was then placed under arrest under false pretenses, as shown by the police reports filed in this incident as well as affidavits sworn to and signed by Defendant Officer Samantha Kill.

15. As a result of Defendants actions, Plaintiff suffered physical and psychological injuries, as well as reputational harm. Oshae also was forced to defend false charges against her, bringing additional emotional trauma as a result.

## COUNT I

### EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AMENDMENT IV

18. Plaintiffs hereby incorporate paragraphs 1-15 as though fully set forth herein.

19. This is an action brought against Defendant Officer Ashlyn Pluff in her individual and official capacity, pursuant to the United States Constitution Amendments IV, in violation of 42 U.S.C. § 1983 and § 1988.

20. At all times material hereto, Defendant Officer Ashlyn Pluff was an employee and/or agent of Defendant City of Toledo and acting within the course and scope of her employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant City of Toledo.

21. Defendant Officer Ashlyn Pluff used and authorized unnecessary and excessive force, on the person of Plaintiff Oshae Jones, depriving her of bodily integrity, liberty, and due process of law.

22. To wit, Defendant Officer Ashlyn Pluff used excessive force in punching and attacked Oshae Jones while she was already restrained. The use of force exhibited by Defendant Officer Pluff against Plaintiff Oshae Jones was unreasonable and clearly excessive.

23. The conduct of Defendant Officer Pluff, acting in concert and under color of law, directing force toward Oshae was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of her acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's civil rights.

24. As a direct and proximate result of said Defendant Officer Ashlyn Pluff's acts, omissions, and clear use of excessive force, Defendant deprived Plaintiff Oshae Jones of the right to unreasonable seizure and due process of law guaranteed to her by the Fourth Amendment of the United States Constitution.

## COUNT II

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF PLAINTIFF OSHAE JONES**

25. Plaintiff hereby incorporate paragraphs 1-24 as though fully set forth herein.

26. This is an action brought against Defendant Officer Ashlyn Pluff and Defendant Officer Samantha Kill individually and in their official capacities based upon the intentional infliction of emotional distress.

27. At all times material hereto, Defendant Officer Ashlyn Pluff and Defendant Officer Samantha Kill were employees and/or agents of City of Toledo, acting within the course and scope of his employment with same, and in furtherance of the interest of Defendant City of Toledo, and with City of Toledo's consent.

28. Defendant Officer Ashlyn Pluff and Defendant Officer Samantha Kill owed a duty to Plaintiff Oshae Jones to act in a reasonable and prudent manner. Defendants breached said duty by engaging in extreme, outrageous, and/or, reckless conduct when Defendant Pluff

attacked Oshae, and when Defendant Kill filed an affidavit including false allegations against Oshae. Defendants knew or should have known that their actions would cause severe physical and psychological damages.

29. Defendants outrageous, extreme, and reckless actions and inactions, actually and proximately exposed Plaintiff Oshae Jones to real physical peril and psychological trauma, resulting in physical damages and permanent and ongoing psychological damages.

## COUNT III

## MALICIOUS PROSECUTION

30. Plaintiff hereby incorporate paragraphs 1-29 as though fully set forth herein.

31. By initiating criminal prosecutions when there was a lack of probable cause for criminal prosecution, falsely concocting such cause, and depriving Plaintiff Oshae Jones of liberty before the prosecutions were resolved, Defendant Officer Samantha Kill, acting with ill will toward Oshae, violated her rights under the Fourth and Fourteenth Amendments and the common law of the State of Ohio.

## COUNT IV

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Fourteenth Amendment – Equal Protection)

32. Plaintiff hereby incorporate paragraphs 1-31 as though fully set forth herein.

33. This is an action brought against defendants in their individual and official capacities, pursuant to the United States Constitution Amendments IV and XIV, based upon racial discrimination in law enforcement and failure to provide equal protection under the law in violation of 42 U.S.C. § 1983 and § 1988.

34. At all times material hereto, defendants were employees and/or agents of Defendant City of Toledo, acting within the course and scope of their employment with same, and in furtherance of the interest of Defendant City of Toledo, and with Defendant City of Toledo's consent.

35. Plaintiff, as an African-American is a member of a protected class, and thus also had the clearly established statutory right to be free from racially motivated arrests, detentions, searches and seizures.

36. Defendants actions and inactions constitute impermissible differential treatment based on the impermissible classification of race in violation of 42 U.S.C § 1983 and the Fourteenth Amendment to the United States Constitution.

37. As a proximate result of the illegal and unconstitutional acts of the Defendants, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, mental anguish, humiliation, and embarrassment.

## COUNT V

### *MONELL* CLAIM AGAINST THE CITY OF TOLEDO, OHIO – 42 U.S.C. § 1983

38. Plaintiff hereby incorporate paragraphs 1-37 as though fully set forth herein.

39. At all times material hereto, Defendants were employees and/or agents of Defendant City of Toledo, acting within the course and scope of their employment with same, and in furtherance of the interest of Defendant City of Toledo, and with Defendant City of Toledo's consent.

40. The City of Toledo directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant City of Toledo.

41. The Defendant City of Toledo had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the past actions of Defendant Offices Pluff and Kill. A proper investigation would have included that the Defendant Officers participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

42. Defendant City of Toledo had actual knowledge and/or had constructive knowledge and/or failed to conduct a proper investigation into the actions of Defendant Officers Pluff and Kill. A proper investigation would have included that Defendant Officer Mason participated in a pattern of conduct that was racially discriminatory and/or unconstitutional.

43. At the time of the incidents described in this Complaint, the pattern of racially discriminatory and/or unlawful conduct was established through policy, practice and custom of the City of Toledo and the Toledo Police Department.

44. By tacitly authorizing the behavior of Defendants, the policymakers and those responsible for hiring, training and supervision of police officers within the City of Toledo acted negligently, recklessly, intentionally, willfully, wantonly, knowingly and with deliberate indifference to the serious safety needs of the citizens of Toledo, including Plaintiff Oshae Jones.

45. Defendant City of Toledo has a policy, practice and custom of failing to adequately investigate and discipline police officers who exhibit racially motivated and/or unconstitutional

conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Plaintiff Oshae Jones.

46. Defendant City of Toledo has a policy, practice and custom of allowing officers to exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Plaintiff Oshae Jones.

47. Defendant City of Toledo has a policy, practice and custom of exhibiting racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Plaintiff Oshae Jones.

48. Defendant City of Toledo has a policy, practice and custom of failing to investigate civilian complaints against officers consisting of racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Plaintiff Oshae Jones.

49. Defendant City of Toledo negligently retained Defendant Officers Pluff and Kill.

50. Defendant City of Toledo has a policy, practice and custom of negligently retaining police officers who exhibit racially motivated and/or unconstitutional conduct. This policy, practice and custom was the moving force behind the racially motivated and unconstitutional actions against Plaintiff Oshae Jones.

51. Defendant City of Toledo failed to adequately train Defendant Officers Pluff and Kill.

52. Defendant City of Toledo has a policy, practice and custom of failing to adequately train police officers who exhibit racially motivated and/or unconstitutional conduct. This policy,

practice and custom was the moving force behind the racially motivated and unconstitutional actions against Plaintiff Oshae Jones.

53. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the City of Toledo to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

## COUNT VI

### STATE LAW CLAIM FOR ASSAULT AND BATTERY

54. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

55. Defendant Pluff's actions towards Plaintiff Oshae Jones created in her the fear and apprehension of an imminent, harmful, and offensive touching and constituted a harmful touching, knowingly and without legal justification.

## COUNT VII

### STATE CLAIM FOR NEGLIGENCE- WILLFUL, WANTON, AND RECKLESS CONDUCT

56. Plaintiff repeats and realleges the above allegations as if fully set forth herein.

57. Defendants Pluff and Kill failed to exercise due care and acted with a malicious purpose and/or in bad faith and/or in a willful and/or wanton and/or reckless manner while engaged in police functions and activities, including but not limited to the excessive and unreasonable use of force and malicious prosecution against Plaintiff Oshae Jones.

58. Defendants Pluff and Kill, as set forth herein, engaged in negligent conduct and acted recklessly and/or willfully and/or wantonly such that he is not entitled to the immunities set forth in O.R.C. § 2744.01 *et seq.*

59. As a direct and proximate result of the misconduct of Defendants, Plaintiff Oshae Jones has suffered harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court award:

- A. Compensatory damages in an amount to be shown at trial;
- B. Punitive damages against the individual Defendants in an amount to be shown at trial;
- C. Loss of earnings and net accumulations;
- D. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. § 1988;
- E. Prejudgment interest; and
- F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Sean L. Walton*

Sean L. Walton (0088401)
WALTON + BROWN, LLP
395 E. Broad Street, Suite 200
Toledo, Ohio 43215
Telephone:   (614) 636-3476
Facsimile:    (614) 636-3453
Email: swalton@waltonbrownlaw.com
*Attorneys for Plaintiff Oshae Jones*

**JURY DEMAND**

Plaintiff hereby requests a jury to hear all issues so triable.

/s/ Sean L. Walton
Sean L. Walton (0088401)